SullivAN, J.
Debt by Robb against Vicory and Lacy on three writings obligatory. There are three counts in the declaration. The first is on a note for the sum of $1,023, payable on the first of June, 1837; the second is on a note for the sum of $353, payable at the same time; and the third is on a note for $350, also payable on the first of June, 1837. The defend *51 ants pleaded separately to each count. The plea to the first count recites a covenant entered into on the 19th of October, 1836, between the plaintiff and the defendants, by which it is agreed that certain ^public land, selected and designated by the defendants, had been purchased from the government for the joint use and benefit of the said Robb, Vicory, and Lacy; that the purchase-money had been advanced by Robb and the land purchased in his name, and that the note in said count mentioned was given by Vicory and Lacy to the plaintiff for- their proportion of the purchase-money; that said land was to be sold so soon as it could be done -o the satisfaction of a majority; and that when Robb should he fully paid the amount of said note, and his equal third part of the proceeds, he should make deeds to the purchasers, i&e. The plea then avers, that the note in said count mentioned was given to Robb for two-thirds of the amount of the purchase-money of said land; that the legal title to said land was, at the time of the execution of said note, and still is, in said Robb; that no sale of said land or any part .of it has been made; and that said plaintiff has not conveyed nor tendered a conveyance to the defendants for said land. Wherefore, &c.
The plea to the second count was in all respects similar to the plea to the first count. To the third count, the defendants pleaded payment. The plaintiff replied denying the payment. On that issue, there was judgment for the plaintiff.
To the pleas to the first and second counts the plaintiff demurred. The Court overruled the demurrers and gave judgment for the defendants. This appeal is taken' from the judgment of the Court overruling the demurrers.
The promise of the defendants to pay to the plaintiff their proportion of the money advanced by him to purchase the land, was entirely independent of the obligation on his part to convey. They promised to pay, unconditionally, on the first day of Jwne next following the contract; he bound himself to convey when sales should be made by a majority of the owners of .he land. The period at which the money was to be paid, was *52 fixed and certain; the event on which the conveyance was to be made was uncertain and contingent. The acts to be performed were not concurrent, and there was. therefore no legal obligation on Robb to convey, or offer to convey, before suit brought for the debt due him.
J. jB. Niles, for the appellant.
It is moreover apparent from the agreement, set up in the *plea, that it was the intention of the parties that Robb should hold the title to the lands as an indemnity for his advances.
If this were a sale of land by Robb to the defendants, and the deed were to be made to them at the time fixed for the payment of the purchase-money, the acts to be performed would in that case be concurrent, and the plaintiff could not recover without performance or an offer to perform on his part. But there was, manifestly, no such sale. The notes were not given in •consideration of land sold, but in consideration of so much money advanced by Robb for the use of the defendants.
We are of opinion, that the facts stated in the defendants’ first and second pleas present no bar to the plaintiff’s action, and that the Court erred in overruling the demurrers.
Per Guriam.—The judgment is reversed with costs. Cause, remanded, &c.